# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| LAKISHA Y. THEUS, ON BEHALF OF, J.J.T., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:24-cv-2579-JPM-atc |
| MICHELLE KING, ACTING COMMISSIONER OF SOCIAL SECURITY, ) ) ) ) | |
| Defendant. ) ) | |

## ORDER AFFIRMING DEFENDANT'S DECISION

Before the Court is a Complaint for Judicial Review of a Final Decision by the Commissioner of Social Security, filed on August 14, 2024, by Plaintiff Lakisha Y. Theus ("Plaintiff" or "Theus") on behalf of her minor child, J.J.T ("Claimant"). (ECF No. 1.) For the reasons given below, the Court **AFFIRMS** the decision of Michelle King, Acting Commissioner of Social Security ("Defendant" or "Commissioner").

### I.     BACKGROUND

Plaintiff brings her action pursuant to 42 U.S.C. § 1383(c) for review of Defendant's final decision. (ECF No. 1 ¶ 1.)

####      A.     Factual Background

                *i.    Plaintiff's Claim*

On August 24, 2022, Plaintiff filed a claim for supplemental security income on behalf of Claimant. (Id. ¶ 5.) On April 13, 2023, this claim was denied. (Id. ¶ 6.) On April 21, 2023,

Plaintiff submitted a request for reconsideration. (ECF No. 13 at PageID 290.) On August 15, 2023, her claim was again denied. (Id.; ECF No. 1 ¶ 6.)

        *ii.*      *The Hearing*

On October 4, 2023, Plaintiff filed a written form requesting a hearing before an Administrative Law Judge ("ALJ"). (ECF No. 1 ¶ 7.) The form which Plaintiff submitted included a statement of Claimant's right to representation during the hearing. (ECF No. 8 at PageID 113.)

Before the Hearing, Plaintiff was sent two letters, each of which provided written notice of Claimant's right to representation: (1) a letter from Defendant acknowledging receipt of Plaintiff's request; and (2) a letter providing notice of a hearing before the ALJ. (ECF No. 8 at PageID 116–117, 132–34.)

On March 6, 2024, Plaintiff appeared before the ALJ for a hearing (the "Hearing"). (Id. ¶ 8.) At the Hearing, Plaintiff spoke on behalf of Claimant without representation. (See id.; ECF No. 8 at PageID 61.) At the beginning of the Hearing, the ALJ informed Plaintiff about Claimant's right to representation, where the representative would not charge a fee unless Plaintiff won and the ALJ approved the fee. (ECF No. 8 at PageID 60–61.) The ALJ and Plaintiff had the following exchange:

> ALJ:      Understanding that right [to a representative], do you want me to give you some time to talk to somebody or do you want to proceed forward today?
>
> Plaintiff:    Proceed forward.

(Id.)

        *iii.*     *The ALJ's Decision*

On April 11, 2024, the ALJ issued a written decision finding Claimant was not disabled as defined under the Social Security Act. (Id.; ECF No. 8 at PageID 41–54.) The ALJ determined

2

Claimant did not have an impairment or combination of impairments which meets, medically equals, or functionally equals the severity of any listed impairment under the Social Security Act. (ECF No. 8 at PageID 42, 44.)

      *iv.*    *The Appeals Council*

On April 26, 2024, Plaintiff requested a review of the ALJ's decision by the Appeals Council for the Social Security Administration. (ECF No. 13 at PageID 291.) On June 11, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's determination, rendering the ALJ's decision the final decision of Defendant. (See id.; ECF No. 1 ¶ 9.)

**B.**    **Procedural Background**

On August 14, 2024, Plaintiff filed the instant Complaint for Judicial Review. (ECF No. 1.) On October 11, 2024, Defendant filed the Certified Administrative Record (the "Record"). (ECF No. 8.) The Record included the Hearing transcript, the letters notifying Plaintiff of the Hearing, the ALJ's decision, and the medical evidence which the ALJ relied upon. (See id.)

On December 20, 2024, Plaintiff filed her Opening Brief. (ECF No. 14.) On January 24, 2025, Defendant filed its Response Brief. (ECF No. 17.) On February 7, 2025, Plaintiff filed her Reply Brief. (ECF No. 18.)

**II.**    **ANALYSIS**

Plaintiff moves the Court to overrule the ALJ's determination because (1) Plaintiff was not fully afforded the opportunity to have a representative present at the Hearing; (2) Plaintiff was not afforded a full and fair hearing; and (3) Defendant's decision was not supported by substantial evidence. (ECF No. 13 at PageID 291–95.) The Court addresses each argument in turn.

### A.     Representation

At the Hearing, Claimant had a right to representation.  See Killoran v. Comm'r of Soc. Sec., No. 2:18-cv-00449, 2019 WL 3406430, at *12 (S.D. Ohio July 29, 2019), report and recommendation adopted, No. 2:18-cv-449, 2019 WL 4854763 (S.D. Ohio Oct. 2, 2019).  If, however, "[P]laintiff [was] advised of [Claimant's] right to counsel, expresse[d] an understanding of that right, and advise[d] the ALJ that [s]he want[ed] to proceed without an attorney, [s]he [was] adequately informed of [Claimant's] right to legal representation." See id.

Plaintiff argues "the right to representation was not addressed in accordance with [Defendant's] policies" such that "[P]laintiff was unduly prejudiced during the [H]earing by not being able to contest the admissibility of evidence, adequately introduce evidence that supported the claim, understand the procedural elements of the hearing, or obtain legal counsel prior to giving testimony on the record." (ECF No. 13 at PageID 292–93.)  In support, Plaintiff points to portions of the Hearing transcript where she allegedly asked for time to speak with an attorney.  (See id. (citing ECF No. 8 at PageID 62–63).)

Defendant counters Plaintiff "was advised of [Claimant's] right to a hearing representative on numerous occasions." (ECF No. 17 at PageID 307.)  In support, Defendant states Plaintiff was advised of this right both in the letters she received and the Hearing.  (See id. (citing ECF No. 8 at PageID 60–61, 63, 68–69, 113, 116–117, 132–34).)

The Court finds Plaintiff was properly informed of Claimant's right to representation at the Hearing.  Plaintiff was first given written notice of Claimant's right to representation in three different letters.  (See ECF No. 8 at PageID 113, 116–117, 132–34.)  Plaintiff argues she did not receive these letters.  (ECF No. 18 at PageID 315.)  This argument is unavailing.  Plaintiff acknowledges she received, at minimum, the letter providing notice of the Hearing in February

4

2024. (See ECF No. 8 at PageID 65–66.) This letter provided Plaintiff written notice of Claimant's right to representation in advance of the Hearing. (Id. at PageID 132–34.)

Furthermore, at the Hearing, the ALJ "met his responsibility under the Social Security Act by informing [P]laintiff of [Claimant's] right to legal representation which [P]laintiff voluntarily declined." Hutchinson v. Weinberger, 399 F. Supp. 426, 427 (E.D. Mich. 1975) (citing Goodman v. Richardson, 448 F.2d 388, 389 (5th Cir. 1971)). At the beginning of the Hearing, the ALJ informed Plaintiff of Claimant's right to representation. (ECF No. 8 at PageID 60–61.) Plaintiff decided to proceed forward without representation. (Id.) When Plaintiff "stated that [s]he wanted to proceed with the [H]earing, even though [Claimant] was not represented by counsel," "it [was] clear that [Plaintiff] was aware of [Claimant's] right to counsel and that [s]he voluntarily waived that right." See Duncan v. Sec'y of Health & Hum. Servs., 801 F.2d 847, 855 (6th Cir. 1986). "Under these circumstances, the ALJ had no further duty to discuss [Claimant's] right to representation." See id. Because Plaintiff was "fully informed of her right to obtain counsel in [the H]earing," but "decide[d] to forego such a right and so indicate[d] at the [H]earing," she "cannot [now] assert she was not given a fair hearing due to lack of counsel." See Hutchinson, 399 F. Supp. at 427 (citing Ayala v. Sec'y of Health, Educ. and Welfare, 372 F.Supp. 1216 (D.P.R. 1973); Cunningham v. Richardson, 360 F. Supp. 1037 (E.D.Pa. 1973); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970)); Duncan, 801 F.2d at 855.

Finally, Plaintiff's counterarguments are unavailing. Plaintiff, in both her Opening Brief and Reply, cites no caselaw in support of her position. (Cf. ECF Nos. 13, 18.) She instead cites to Section I-2-1-80(B)(1) of the HALLEX Hearings, Appeals, and Litigation Law Manual, a legal manual available on Defendant's website, to argue the ALJ did not complete all the necessary steps to confirm waiver of Claimant's right to representation. (See ECF No. 13 at PageID 291–92; ECF

5

No. 18 at PageID 316.)  Plaintiff specifically avers that the ALJ failed to "make a determination regarding the issue of representation." (ECF No. 13 at PageID 292.)  This argument, however, is unavailing.  The HALLEX Manual requires the ALJ to "ensure that the claimant is aware of the options for representation" and, if the claimant waives representation, "determine whether the claimant is capable of making an informed decision to waive the right to representation" and "secure from the claimant a verbal waiver on-the-record or a written waiver." See Soc. Sec. Admin., HA 01210.080 The Right to Representation (Dec. 10, 2024), http://policy.ssa.gov/poms.nsf/lnx/2501210080.  The ALJ did so.  (ECF No. 8 at PageID 60–61 (informing Plaintiff of Claimant's right to representation, where the representative would not charge a fee unless Plaintiff won and the fee was approved by the ALJ); ECF No. 8 at PageID 61, 69 (twice securing a verbal waiver on-the-record).)  Accordingly, the ALJ Plaintiff fully afforded Plaintiff the opportunity to have a representative present for Claimant at the Hearing.  See Hutchinson, 399 F. Supp. at 427.

        **B.**    **Full and Fair Hearing**

"When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed." Duncan, 801 F.2d at 856 (citing Lashley v. Sec'y of Health & Hum. Servs., 708 F.2d 1048, 1051 (6th Cir. 1983)).  The Court "examine[s] each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing." Id.

Plaintiff argues she was not afforded a full and fair hearing.  (ECF No. 13 at PageID 293.) Plaintiff argues the ALJ "did not exercise impartiality during the [H]earing and did not develop relevant evidence that would support [Plaintiff's] claim." (Id. at PageID 294.)  In support, Plaintiff states the ALJ (1) "asked very cursory questions regarding [C]laimant's current course of treatment

6

and the nature of the pending therapy sessions"; (2) "was dismissive of the medical evidence regarding [C]laimant's diagnoses"; (3) "question[ed] the veracity of [P]laintiff's characterizations of [C]laimant's symptoms"; and (4) "interrupted [P]laintiff which prevented her from providing testimony." (Id. at PageID 293–94.)

Defendant argues Claimant received a full and fair hearing. (ECF No. 17 at PageID 309.) Defendant argues the ALJ had a duty to develop the record by acting as a "neutral factfinder, not an advocate." (Id. at PageID 310 (citing Moats v. Comm'r of Soc. Sec., 42 F.4th 558, 563 (6th Cir. 2022)).) In support, Defendant states the ALJ "patiently explain[ed] the nature of the proceedings to Plaintiff[,] assisted [Plaintiff] in finding an exception to the five-day rule[,] . . . [and] asked open-ended questions that allowed Plaintiff the opportunity[to] present [Claimant's] case." (Id. at PageID 309.) Furthermore, Defendant argues the ALJ's inquiry as to why Claimant had not received earlier treatment was reasonable, not improper. (Id. at PageID 310.)

The Court finds Plaintiff received a full and fair hearing. During the Hearing, the ALJ inquired to ascertain Claimant's medical history, physical ability, speech, and education. (ECF No. 8 at PageID 73–78.) The ALJ asked open-ended questions to ensure Plaintiff could explain any other issues. (Id. at PageID 81.) The ALJ also assisted Plaintiff in finding any exception to the five-day rule, making her otherwise inadmissible documents admissible. (See id. at PageID 72.) These all indicate Plaintiff received a full and fair hearing. See Ells v. Colvin, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *5 (W.D. Ky. Mar. 27, 2018) (finding the plaintiff received a full and fair hearing where the ALJ developed details on the plaintiff's "age, educational background, medical history, and work history").

Furthermore, "[p]romoting [Claimant's] case . . . is not the ALJ's obligation." See Moats, 42 F.4th 558 at 563. The ALJ is a "neutral factfinder, not an advocate." Id. "[W]hile the ALJ

7

must ensure that every claimant receives 'a full and fair hearing,' the ultimate burden of proving entitlement to benefits lies with the claimant." Id. (internal citations omitted). As detailed above, the ALJ acted as a neutral factfinder, ensuring Plaintiff received a full and fair hearing.

Plaintiff's arguments to the contrary are unavailing. Plaintiff again points to no caselaw in support of her position. (Cf. ECF No. 13, 18.) The ALJ's inquiry into Claimant's diagnosis, symptoms, and timeline of medical treatment do not demonstrate that the ALJ was biased or that Plaintiff did not receive a full and fair hearing—rather, they are reasonable inquiries into developing the record. See Ells, 2018 WL 1513674, at *5 (finding the record was fully and fairly developed where the ALJ asked the claimant about "jobs he has been able to perform in the past, how he got paid, why he stopped, and what activities he [was] able to do on a normal day").

### C. Substantial Evidence

Finally, the Court determines whether the ALJ's finding that Claimant is not disabled as defined by the Social Security Act is supported by substantial evidence. See Tyra v. Sec'y of Health & Hum. Servs., 896 F.2d 1024, 1028 (6th Cir. 1990).

#### i. The ALJ's Three-Step Inquiry

The ALJ followed a three-step inquiry to determine whether Claimant was disabled under the Social Security Act. See 20 C.F.R. 416.924 (2022). The three steps are: "(1) whether [Claimant] engages in substantial gainful activity; (2) whether [Claimant] has an impairment or combination of impairments that are severe; and (3) whether the impairment or combination of impairments 'meet, medically equal, or functionally equal' impairments listed in the Code of Federal Regulations." See Dickerson ex rel. A.C. v. Comm'r of Soc. Sec., No. 23-5718, 2024 WL 1134632, at *3 (6th Cir. Mar. 15, 2024) (citing 20 C.F.R. 416.924 (2022)).

The Parties dispute whether there is substantial evidence to support the third step of the ALJ's inquiry: whether Claimant has impairments which meet, medically equal, or functionally equal a per se disabling impairment. (See ECF No. 17 at PageID 311 (citing 20 C.F.R. § 416.924).)[1]

    *ii.    Substantial Evidence—Analysis*

Substantial evidence is a "term of art" meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 102–03 (2019). It is "more than a mere scintilla." Id. In determining whether the ALJ's decision is supported by substantial evidence, the Court "examine[s] the evidence in the record 'taken as a whole' and 'must take into account whatever in the record fairly detracts from its weight.'" See Tyra, 896 F.2d at 1024 (internal citations omitted). "If it is supported by substantial evidence, [the ALJ's] determination must stand regardless of whether the [C]ourt would resolve the issues of fact in dispute differently." See id. (citing Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983)).

Plaintiff argues Defendant's decision is not supported by substantial evidence. (ECF No. 13 at PageID 294.) In support, Plaintiff points to where the ALJ (1) questioned the severity of Claimant's symptoms and (2) relied on the opinion of a consulting physician, rather than on the opinion of a diagnosing clinician. (Id. at PageID 294–95.) Defendant counters that Plaintiff's argument is conclusory and there is legitimate evidence to support the ALJ's conclusions. (ECF No. 17 at PageID 311–12.)

The ALJ first found Claimant did not have an impairment or combination of impairments which meets or medically equals the severity of any listed impairment. (ECF No. 8 at PageID 42.) The ALJ then found Claimant did not have an impairment or combination of impairments which

---

[1] While Plaintiff does not explicitly state which step she challenges, the ALJ found Claimant met the first two steps of the inquiry. (See ECF No. 8 at PageID 42.) The Court thus considers only step three.

9

functionally equals the severity of any listed impairment. (Id. at PageID 44.) The Court considers whether each is supported by substantial evidence in turn. The Court then considers Plaintiff's counterarguments.

### A. Meeting or Medically Equaling Severity of Listed Impairment

The Court finds the ALJ's finding that Claimant did not have an impairment or combination of impairments which met or medically equals the severity of any listed impairment, (ECF No. 8 at PageID 42), is supported by substantial evidence. In making this determination, the ALJ considered the opinions of Dr. Fulliton (the initial diagnosing physician) and Dr. Heinrich (a consulting physician), the testimony of Plaintiff, the treatment record, and prior administrative medical findings. (See id. at PageID 42–44; ECF No. 17 at PageID 311.) In reaching his conclusions as to Claimant's limitations, the ALJ ultimately relied on Dr. Heinrich's findings over Dr. Fulliton's findings, and Plaintiff's testimony. (See ECF No. 8 at PageID 42–44.) Dr. Heinrich conducted more in-depth testing than Dr. Fulliton, including using two different psychological testing methods. (See id. at PageID 266.) The Court finds Dr. Heinrich's findings, in combination with the Plaintiff's testimony, are that which a "reasonable mind might accept as adequate to support [the ALJ's] conclusion[s]." See Biestek, 587 U.S. at 102–03. Accordingly, the ALJ's findings are supported by substantial evidence. See Tyra, 896 F.2d at 1024.

### B. Functionally Equaling Severity of Listed Impairment

The Court finds the ALJ's finding that Claimant did not have an impairment or combination of impairments which functionally equals the severity of any listed impairment, (ECF No. 8 at PageID 44), is supported by substantial evidence. In making this determination, the ALJ considered the opinions of Dr. Fulliton and Dr. Heinrich, Plaintiff's testimony, and administrative opinions by Dr. Davis and Dr. Khaleeli. (See id. at PageID 44–50.) For each conclusion as to

Claimant's limitations, the ALJ relied on Dr. Heinrich's findings over Dr. Fulliton's findings, in addition to Dr. Khaleeli's opinion based in the relevant evidence. (See id.) Dr. Heinrich conducted more in-depth testing than Dr. Fulliton, including using two different psychological testing methods. (Id. at PageID 266.) Dr. Khaleeli reviewed the Record in context of both Dr. Fulliton and Dr. Heinrich's findings, and found Claimant's impairments did not functionally equal the severity of any listed impairment. (ECF No. 8 at PageID 98.) The Court finds the opinions of Dr. Heinrich and Dr. Khaleeli are that which a "reasonable mind might accept as adequate to support [the ALJ's] conclusion[s]." See Biestek, 587 U.S. at 102–03. Accordingly, the ALJ's findings are supported by substantial evidence. See Tyra, 896 F.2d at 1024.

### C. Plaintiff's Counterarguments

Here as well, Plaintiff's arguments to the contrary are unavailing. First, the ALJ's questioning of the severity of Claimant's symptoms is reasonable in determining the weight of Plaintiff's testimony. Plaintiff incorrectly argues this was "conjecture." (See ECF No. 13 at PageID 294.) Rather, the ALJ's questioning is part of a reasonable review of the record as a whole. See Tyra, 896 F.2d at 1024. Second, Plaintiff's argument that the ALJ should not have relied on the opinion of the consulting physician, but rather on the opinion of the initial diagnosing physician, is "a veiled attempt to have [the Court] reweigh the evidence." See Nasser v. Comm'r of Soc. Sec., No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (finding the plaintiff's argument that one physician should be given weight over other physicians to be a "classic example[] of [an] invitation[] to reweigh the evidence"). Given the ALJ's findings are supported by substantial evidence, the Court will not second-guess the ALJ and reweigh the evidence. See Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 714 (6th Cir. 2012).

       *iii.    Substantial Evidence—Conclusion*

Because the ALJ's findings are supported by substantial evidence, see Section II.ii, Defendant's determination must stand. See Tyra, 896 F.2d at 1024.

**III.    CONCLUSION**

For the reasons set forth above, the ALJ's decision is **AFFIRMED**. All claims in the above-captioned action shall be **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 8th day of July, 2025.

        /s/ Jon P. McCalla
       JON P. MCCALLA
       UNITED STATES DISTRICT JUDGE